ON MOTION FOR REHEARING
PER CURIAM.
On March 26, 2010, Thomas Kelsey was sentenced to two life sentences and two concurrent twenty five year terms for the four nonhomicide offenses he committed in 2002 at the age of fifteen: armed burglary with an assault or battery, armed robbery, and two counts of sexual battery. A few months later, the Supreme Court announced its decision in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), pursuant to which Kelsey was resentenced to concurrent forty-five year sentences for each offense. The issue presented is whether he is entitled to be resentenced again under Graham and its progeny including recent juvenile sentencing legislation and decisions of our supreme court. We initially answered that question in the negative, but Kelsey has asked that we reconsider our legal analysis, which we have done, concluding that he is not entitled to resentencing again.
While this appeal was pending, the Florida Supreme Court decided Henry v. State, 175 So.3d 675 (Fla.2015),[1] holding *441 that “the constitutional prohibition against cruel and unusual punishment under Graham is implicated when a juvenile nonho-micide offender’s sentence does not afford any ‘meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.’” Id. (citing Graham, 560 U.S. at 75, 130 S.Ct. 2011). The court stated that “Graham requires a juvenile nonhomicide offender ... to be afforded such an opportunity during his or her natural life.” Id. Because Henry had been resentenced after Graham to ninety years, requiring that he be imprisoned “until he is at least ninety-five years old,” our supreme court concluded his aggregate sentence — which did not afford him the “meaningful opportunity” for release that Graham requires during an offender’s “natural life” — was unconstitutional and that he “should be resentenced in light of the new juvenile sentencing legislation enacted by the Florida Legislature in 2014, ch. 2014-220, Laws of Fla.” Id.; cf. Thomas v. State, 78 So.3d 644 (Fla. 1st DCA 2011) (concurrent fifty-year terms without possibility of parole is not the functional equivalent of a life sentence). Though Henry’s crimes occurred prior to the effective date of the legislation, its remedial aspects wfere judicially extended to him. See Horsley v. State, 160 So.3d 393 (Fla.2015).
Kelsey requests the same relief afforded to Henry, but we may do so only if his forty-five year prison term is a defacto life sentence in violation of Graham, which it is not under our Court’s precedents. See Abrakata v. State, 168 So.3d 251, 252 (Fla. 1st DCA 2015) (“absent a violation of Graham, there is no legal basis to retroactively apply section 921.1402 (or any other provision of the'juvenile sentencing legislation enacted in 2014) to the 2011 offense in this case.”); Lambert v. State, 170 So.3d 74, 76 (Fla. 1st DCA 2015) (“Here, unlike the sentences in Henry (90 years) and Gridine (70 years), the 15-year sentence Lambert received on count 2 does not amount to anything close to a de facto life sentence.”). Because the concurrent re-sentences at issue in this case do not violate Graham, we are constrained to deny relief.
We note that our supreme court recently quashed this Court’s decision in Thomas v. State, 135 So.3d 590 (Fla. 1st DCA 2014), review granted, (decision quashed, 40 Fla. L. Weekly S479f, 2015 WL 5178605 (Fla. Sept. 4, 2015), a case involving a homicide offense. Thomas was convicted of armed robbery and first-degree murder and sentenced to mandatory life term without parole, but was resentenced in light of Miller v. Alabama, — U.S.-, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) to concurrent thirty- and forty-year sentences. This Court upheld those resentences, but the supreme court “remanded for resentencing in conformity with the framfework established in chapter 2014-220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402 of the Florida Statutes. See Horsley v. State, 160 So.3d 393, 395 (Fla.2015).” Thomas, 40 Fla. L. Weekly S479f. In effect, the supreme court appears to require that any juvenile initially sentenced to mandatory life without parole for a homicide in violation of Miller be sentenced under the new framework regardless of what resentence may have been imposed in the interim.
But this is a Graham case, not a Miller case; Kelsey’s crimes were nonhomicides for which a range of lawful punishments was available. As to Graham defendants, the supreme court has required re-resen-tencing only where the initial resentence is life or de facto life, as in Henry (ninety years) and Gridine v. State, 175 So.3d 672 (Fla.2015) (seventy years). For example, in Henry because the supreme court “determined that Henry’s sentence is uncon *442 stitutional under Graham, we conclude that Henry should be resentenced in light of- the new juvenile sentencing legislation enacted by the Florida Legislature in 2014, ch. 2014-220, Laws of Fla.” 175 So.3d 675 (citing Horsley) (emphasis added). Unlike Miller cases for which no valid remedy on resentencing was available until the recent legislation, a wide range of valid term of years sentences are available for juvenile’s whose original sentences were unconstitutional under Graham. If those resentences themselves violate Graham by providing no meaningful opportunity'for release (as in Henry and Gridine), the supreme court requires resort to the 2014 legislative remedies. .But the supreme court has not yet held that all resentencings and re-resentencings under Graham must also comply with the recent legislation. Our precedents have not held that a forty-five year sentence-for a nonho-micide .is a. de facto life term to which Graham applies; nor has our supreme court, We are thereby constrained to affirm in this case, but recognizing the need for clarity on this category of Graham cases certify the following question as one of great public importance:
Whether a defendant whose initial' sentence' for ¾ nonhomicide crime violates Graham v. Florida, and who 'is resen-tenced to concurrent forty-five year terms, is entitled to a new resentencing under the framework established in chapter 2014-220, Laws of Florida?
AFFIRMED.
MAKAR, J., concurs; WINOKUR, J., concurs with opinion;. BENTON, J., concurs in certified question but dissents on merits with opinion.

. Henry was released after the filing of the initial and answer briefs, but before the time for filing of the reply brief, in this case.